IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD SHAKE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-01496 |
| TERESA GIVIDEN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Donald Shake ("Plaintiff" or "Shake"), a former employee of the Department of Veterans Affairs ("VA"), has brought this defamation action against Defendants Teresa Gividen ("Gividen") and Brian Sexton ("Sexton") (collectively "Defendants"). Plaintiff alleges that Defendants in connection with their employment with the VA intentionally and maliciously slandered his name and reputation between 2008 and 2009. As a result of their defamatory statements, Plaintiff claims that he was terminated from his employment, lost his retirement benefits and failed to secure other employment due to his inability to obtain a reference from the Department of Veterans Affairs. Plaintiff initially filed this action in the Circuit Court for Cecil County on April 20, 2012. Following the certification by the United States Attorney of the District of Maryland, acting on behalf of the Attorney General, that the individual Defendants were acting within the scope of their employment with the federal government at all times relevant to Plaintiff's claims, the United States of America removed this action to this Court on July 2, 2012 pursuant to 28 U.S.C. § 2679. Presently pending before this Court is the Motion to Substitute The United

1

States as the Sole Defendant and Motion to Dismiss, or Alternatively, for Summary Judgment (ECF No. 9). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Motion to Substitute The United States as the Sole Defendant and Motion to Dismiss, or Alternatively for Summary Judgment (ECF No. 9) is GRANTED. Specifically, The United States of America shall be substituted as the sole party defendant in this case. Accordingly, Plaintiff's defamation claims against Defendants Teresa Gividen and Brian Sexton are DISMISSED WITH PREJUDICE. Moreover, Plaintiff's claim of defamation against The United States of America is DISMISSED WITH PREJUDICE.

## BACKGROUND

For the purposes of the subject motion, this Court accepts as true the facts alleged in the Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Donald Shake ("Plaintiff" or "Shake") alleges that he was employed as a Medical Support Assistant for the Perry Point, Maryland location of the Department of Veterans Affairs ("VA") until his termination on May 6, 2011. Pl's Compl. ¶ 1, ECF No. 2; Ex. 1, Pl.'s Compl., ECF No. 2-1. According to the Complaint, Defendant Teresa Gividen ("Gividen") was the Assistant Human Resources Chief for the VA Maryland Health Care System and Defendant Brian Sexton ("Sexton") also worked for the Department of Veterans Affairs. Pl.'s Compl. ¶¶ 4-5. Plaintiff alleges that Defendants Gividen and Sexton (collectively "Defendants") accused him of "knowingly accessing the medical records of a veteran named Bernard J. Mattheu" and of not completing "hundreds of work orders." *Id.* ¶ 10. He also claims that Defendants started rumors that he was the subject of disciplinary or removal

proceedings prior to his termination and that numerous complaints were made against him after his departure. *Id.* Accordingly, Plaintiff brought this action for defamation alleging that "the Defendants have intentional[ly], maliciously, and without just cause, slandered [his] name and reputation by making knowingly false, malicious and intentional statements about Plaintiff." *Id.* ¶ 9. Moreover, Plaintiff claims that as a direct and proximate cause of Defendants' slander he lost his job, his retirement benefits, his reputation "and [he] was unable to secure subsequent employment due to his inability to use the [Department of Veterans Affairs] as a reference." *Id.* ¶ 16.

Initially, Plaintiff brought this action against Gividen and Sexton in the Circuit Court for Cecil County on April 20, 2012. Upon receiving the certification from the United States Attorney of the District of Maryland, acting on behalf of the Attorney General, that the individual Defendants were acting within the scope of their employment with the United States government at all times relevant to Plaintiff's claims, the United States of America removed this action to this Court on July 2, 2012 pursuant to 28 U.S.C. § 2679. Presently pending is the Motion to Substitute The United States as Sole Defendant and Motion to Dismiss, or Alternatively, for Summary Judgment (ECF No. 9).

STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a

factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## ANALYSIS

The United States of America has filed the pending motion and contends that Plaintiff's defamation claims against Defendants Teresa Gividen ("Gividen") and Brian Sexton ("Sexton") should be dismissed because these Defendants were acting within the scope of their employment at all times relevant to Plaintiff's allegations. The United States further requests to be substituted as the sole Defendant in this case pursuant to 28 U.S.C. § 2679. Finally, The United States contends that Plaintiff's defamation claim against it should

be dismissed for failure to exhaust administrative remedies and on sovereign immunity grounds.

While Plaintiff alleges defamation under Maryland law,[1] the Federal Tort Claims Act ("FTCA") represents the exclusive remedy for this action pursuant to 28 U.S.C. § 2679(b)(1). The FTCA provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . [and][s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2).  In *Osborn v. Haley,* 549 U.S. 225 (2007), the Supreme Court of the United States explained that "[u]pon the Attorney General's certification [that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose,'] the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 229-30.  Under 28 C.F.R. § 15.4(a), "[t]he United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment."  On May 16, 2012, the United States Attorney for the District of Maryland, acting on behalf of the Attorney General, certified that both individually named defendants were acting within the scope of their respective employments at all times relevant to this action.  *See* Certification, ECF No. 5.

---

[1] Maryland substantive law controls because the alleged tortuous conduct occurred in Perry Point, Maryland. *See* 28 U.S.C. § 1346(b)(1) (requiring that for suits brought under the Federal Tort Claims Act ("FTCA"), "the law of the place where the act or omission occurred" governs).

In his opposition, however, Plaintiff challenges the certification and the fact that Gividen and Sexton were acting within the scope of their employment with the United States. "When the certification is challenged, it serves as *prima facie* evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." *Gutierrez de Martinez v. Drug Enforce. Admin.*, 111 F.3d 1148, 1153 (4th Cir. 1997) (citing cases); *see also Maron v. United States*, 126 F.3d 317, 322-23 (4th Cir. 1997) (citing cases). While the United States Attorney's certification "does not carry any evidentiary weight unless it details and explains the bases for its conclusions," *Maron*, 126 F.3d at 323, "the plaintiff's submission must be specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Gutierrez de Martinez*, 111 F.3d at 1155.

In this case, Plaintiff does not present any specific evidence nor forecast any specific evidence that might contradict the United States Attorney's certification. Plaintiff simply requests that this Court not defer to the Attorney General's determination but does not present nor allege any facts to indicate that the individual Defendants may have been acting outside of the scope of their employment with the federal government. As such, Plaintiff has failed to meet his burden to show by a preponderance of the evidence that Defendants Gividen and Sexton were acting outside of the scope of their employment. Accordingly, the defamation claim against both Gividen and Sexton is DISMISSED WITH PREJUDICE and the United States shall be substituted as the sole party defendant in this case.

Under the Federal Tort Claims Act, a plaintiff must first present a claim to "the appropriate Federal agency" before filing an action in federal court. 28 U.S.C. § 2675(a); *see also* 28 U.S.C. § 2401(b). In this case, the appropriate agency is the Department of Veterans Affairs. Although Plaintiff contends that he appealed his termination with the Merit Systems Protections Board and thereby satisfied the administrative claim prerequisite to this suit, the United States has provided evidence that there is no record that such a claim was filed in either Maryland, the District of Columbia, the northern of Virginia, and the eastern portion of West Virginia. *See* Frank Giorno[2] Aff., ECF No. 9-2. Accordingly, Plaintiff has failed to file an administrative claim with the Department of Veterans Affairs as required by 28 U.S.C. § 2675(a) before filing this action. Thus, because filing an administrative claim is a jurisdictional prerequisite, Plaintiff's defamation claim is dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Jones v. Burke*, JFM-05-23-58, 2006 WL 1892272, at * 1 (D. Md. June 21, 2006).

Even if Plaintiff had filed an administrative claim with the Department of Veterans Affairs, his defamation claim would still fail because the Federal Tort Claims Act specifically bars suits asserting slander claims against the federal government. *See* 28 U.S.C. § 2680(h) ("Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights" is exempted from the government's waiver of sovereign immunity.); *Talbert v. United States*. 932 F.2d 1064, 1066 (4th Cir. 1991) (explaining that defamation claims,

---

[2] Frank Giorno is the Regional Counsel for the Department of Veterans Affairs. *See* Giorno Aff. ¶ 1, ECF No. 9-2. In his affidavit he establishes that he has access to all FTCA claim records against the Department of Veterans Affairs in Maryland, the District of Columbia, northern Virginia, and eastern West Virginia. *See id* ¶ 2.

representing elements of both libel and slander, are barred by the FTCA). Thus, Plaintiff's defamation claim against The United States of America is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, the Motion to Substitute The United States as the Sole Defendant and Motion to Dismiss, or Alternatively for Summary Judgment (ECF No. 9) is GRANTED. Specifically, The United States of America shall be substituted as the sole party defendant in this case. Accordingly, Plaintiff's defamation claims against Defendants Gividen and Sexton are DISMISSED WITH PREJUDICE. Moreover, Plaintiff's claim of defamation against the United States is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated:      February 20, 2013              /s/_____
                                           Richard D. Bennett
                                           United States District Judge